## THADDEUS MUNROE *versus* JOHN COOPER *et al.*

In an action against a firm upon a negotiable note made by one partner in the name of the firm, and indorsed by the payee to the plaintiff, the other partners have a right to show that the note was fraudulent in its inception, or was fraudulently put into circulation; which being established, will throw the burden of proof upon the plaintiff to show that he came by the note fairly and without knowledge of the fraud.

The correct mode of declaring upon a promissory note bearing date of a place not within the county, is to set out the true date and lay the venue under a *videlicet*. *Semble.* But where such note was directly averred to have been made at a place within the county, omitting the true date, the plaintiff had leave to amend without paying costs.

ASSUMPSIT on a promissory note payable to W. Walsh or order, in sixty days with grace, and indorsed by Walsh to the plaintiff.

At the trial, before *Morton* J., it was admitted, that Cooper, Gould, and Robbins, the three defendants, were partners in the business of brewing, and that the note was signed by Robbins in the name of the firm. Robbins had been defaulted. Cooper and Gould, who appeared and pleaded the general issue, objected to the admission of the note in evidence, because it was described in the declaration as dated at Concord, in this county, whereas it appeared to be dated **413** at Boston, in the county of Suffolk. But the judge ruled that the variance was immaterial, and permitted the note to be read to the jury.

The defendants then offered to prove that the note was made by Robbins for his own benefit and on account of his private business, and not for the benefit or on account of the company, or with the knowledge of the other partners. But as the defendants did not offer to prove that the note was due when it was indorsed to the plaintiff, or that he had any knowledge of these facts, the judge was of opinion that they did not amount to a defence, and directed the defendants to be called.

If this opinion was wrong, or if the note was improperly admitted in evidence, the default was to be taken off and a new tria granted.

*S. D. Parker* and *Fletcher*, for the defendants, cited on the point of variance, *Ware* v. *Boydell*, 3 Maule & Selw. 148; *March term 1828, in Suffolk*

Munroe
v.
Cooper.

*Hing iam* v. *Flower*, Cro. Jac. 76 ; *Parker* v. *Crook*, 10 Mod. 255 ; *Robert* v. *Harnage*, 2 Ld. Raym. 1043 ; *Mostyn* v. *Fabrigas*, Cowp. 177 ; 1 Chit. Pl. 280, 281 ; *Alder* v. *Griner*, 13 Johns. R. 449.

On the other point they cited *Rees* v. *Marquis of Headfort*, 2 Campb. 574 ; *Duncan* v. *Scott*, 1 Campb. 100 ; *Woodhull* v. *Holmes*, 10 Johns. R. 231 ; *Holme* v. *Karsper*, 5 Binney, 469.

*Stearns, contrà*, cited on the first point Bayley on Bills (Phillips and Sewalll's 1st edit.), 268 ; *Houriet* v. *Morris*, 3 Campb. 304, and note ; — and on the second, *Swan* v. *Steele*, 7 East, 210.

*April term
1828,
at Concord.*

WILDE J. delivered the opinion of the Court. We all agree that a new trial in this case must be granted, for the purpose of allowing the defendants to prove, if they can, that there was fraud practised in the inception of the note, or that it was fraudulently put in circulation. This fact being established will throw upon the plaintiff the burden of proof, to show that he came by the possession of the note fairly and without any knowledge of the fraud. *Grant* v. *Vaughan*, 3 Burr. 1516 ; *Peacock* v. *Rhodes*, 2 Doug. 633 ; *Solomons* v. *Bank of England*, 13 East, 134, note ; *Woodhull* v. *Holmes*, 10 Johns. R. 231.[1] The case does not appear to have been presented at the trial in this point of view, but it seems to have been taken for granted, (which however was neither proved nor admitted,) that the plaintiff came by the note honestly ; and if such were the fact, no doubt the evidence offered by the defendants was immaterial, and therefore inadmissible. The defendants, therefore, may not perhaps better their case by a new trial, but if they can prove the fraud of the original parties to the note, they will have a right to know how the plaintiff obtained it ; and if in such case he cannot exonerate himself from all participation in the fraud, or knowledge of it, he can have no right in law or equity to recover.[2]

414

[1] Bayley on Bills (Phillips and Sewall's 2d ed.) 492 to 495; 3 Kent's Comm. (3d ed.) 79; *Heath* v. *Sanson*, 2 Barn. & Adol. 291

[2] As to the liability of partners on notes given by one partner in the name of the firm, for his private debt, see *Chazournes* v. *Edwards*, 3 Pick. (2d ed.) 9, 10, notes; *Manufacturers &c. Bank* v. *Winship, ante,* 13, and note

As to the supposed variance, it has been usual, certainly, n cases like the present, to set out the true date of the note, both as to place and time, and to lay the venue under the form of a *videlicet ;* and this I apprehend is the correct mode of declaring.[3]  But it is not necessary to decide on this point ; because the mistake, if it is one, is a mere clerical mistake, and the plaintiff may have liberty to amend without costs.

*New trial granted.*

---

[3] See Rules of Supreme Jud. Court, 1836, 45th, 46th.